**Edward L. CAREY and Adele K. Carey**

v.

**The UNITED STATES.**

**No. 349–66.**

United States Court of Claims.

June 12, 1970.

Dana Latham, Los Angeles, Cal., attorney of record, for plaintiffs, Latham & Watkins, Austin H. Peck, Jr., John H. Hall, and David H. Vena, Los Angeles, Cal., of counsel.

Michael H. Singer, Washington, D. C., with whom was Asst. Atty. Gen., Johnnie M. Walters, for defendant, Philip R. Miller and Joseph Kovner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

**PER CURIAM:**

This case was referred to Trial Commissioner Mastin G. White with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on November 17, 1969. Defendant made no exceptions to the commissioner's findings of fact but did file exceptions to his recommended legal conclusion. However, subsequently, on May 12, 1970, defendant filed a motion for leave to withdraw its exceptions, which motion was allowed by the court that day. On May 18, 1970, plaintiffs filed a motion that the court adopt the commissioner's opinion, findings and recommended conclusion of law as the basis for its judgment in this case, pointing out that defendant had stated in its motion of May 12, 1970, that it would have no objection to such adoption. Since the court agrees with the commissioner's opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby grants plaintiffs' said motion and adopts the same as the basis for its judgment in this case, without oral argument. Therefore, plaintiffs are entitled to recover and judgment is entered for plaintiffs, together with interest as provided by law, with the amount of recovery to be determined pursuant to Rule 131(c).

## OPINION OF COMMISSIONER

WHITE, Commissioner:

This is a suit for the recovery of income taxes which the plaintiffs paid for the calendar years 1956, 1957, 1958,

1959, and 1960 pursuant to deficiencies assessed against them by the Internal Revenue Service.

It is my opinion that the plaintiffs are entitled to recover.

The plaintiffs are husband and wife, and they are both citizens of the United States. The plaintiffs use the cash receipts and disbursements method of accounting, and they file their joint federal income tax returns on a calendar year basis.

Throughout the period of time involved in the present litigation, the plaintiff Edward L. Carey ("Mr. Carey") was a partner in the accounting firm of Haskins & Sells, which maintains its principal office in New York City and also operates branch offices in a number of other cities, including Tokyo, Japan. The partnership uses an accrual method of accounting, and files its federal income tax returns on the basis of a fiscal year which ends on the Saturday nearest to May 31 of each year.

During a period which began in June of 1954 and extended to September 18, 1959, Mr. Carey was the resident partner of Haskins & Sells in charge of the firm's Tokyo branch office. Throughout that period, Mr. Carey and his wife were residents of Japan.

While serving as the head of the Tokyo branch office of Haskins & Sells, Mr. Carey received two types of payments from the partnership. One was a fixed amount in the nature of salary, which Mr. Carey received pursuant to a provision in the partnership agreement that prescribed, for each fiscal year of the partnership, certain specific sums which the several partners in the firm were to receive. In addition, Mr. Carey received, for each fiscal year of the partnership, his proportionate share of the firm's net income in connection with the distribution of such income among the various partners.

The fixed amount that was payable to each partner for a fiscal year under the partnership agreement was referred to in the agreement as a "fixed annual distribution." The agreement further provided that the "fixed annual distributions shall be considered as an expense of the business in determining net income for all purposes of this agreement."

Taking the partnership's fiscal year 1957 as an example, Mr. Carey received $15,000 as his "fixed annual distribution" and $31,821.88 as his share of the partnership's distributive income.

In preparing their joint federal income tax returns for the calendar years 1956–59, the plaintiffs excluded from each year's gross income the entire amount of Mr. Carey's "fixed annual distribution" from Haskins & Sells, as representing earned income from sources outside the United States and, therefore, as excludable from gross income under Section 911(a) of the Internal Revenue Code of 1954 ("the Code"). Similarly, on their joint federal income tax return for the calendar year 1960, the plaintiffs excluded from gross income the portion of Mr. Carey's "fixed annual distribution" from Haskins & Sells which was attributable to the period of time from June 1, 1959 (the beginning of the partnership's fiscal year 1960) through September 18, 1959 (when the plaintiffs left Japan and returned to the United States).

On December 30, 1965, the Internal Revenue Service assessed against the plaintiffs for the calendar years 1956–60 deficiencies that totaled $30,127.58 for additional income tax and $12,295.36 for interest. These amounts were paid by the plaintiffs on January 12, 1966. The present action is for the recovery of such amounts, together with statutory interest.

The deficiencies previously referred to were based upon a determination by the Internal Revenue Service that the only portion of Mr. Carey's "fixed annual distribution" which the plaintiffs could properly exclude from their gross income for any year under Section 911(a) of the Code as earned income from sources outside the United States was an amount representing the percentage of Mr. Carey's "fixed annual distribution" which was equal to the percentage of the

partnership's total net income that was derived from its foreign offices and affiliates.

Section 911(a) of the Code provides in pertinent part that a citizen of the United States who has been a bona fide resident of a foreign country for an uninterrupted period which includes an entire taxable year, or who has been present in a foreign country during at least 510 full days in any period of 18 consecutive months, is entitled to exclude from gross income—and shall be exempt from the income tax with respect to—"amounts received from sources without the United States * * * which constitute earned income attributable to services performed during such * * * period" (68A Stat. 289). Section 862(a) (3) of the Code declares that "compensation for labor or personal services performed without the United States" shall be treated "as income from sources without the United States" (68A Stat. 276–77).

It is clear from the statutory language previously quoted that if Mr. Carey had been an employee of Haskins & Sells while serving as the head of the firm's Tokyo branch office, all the compensation which he received for his services in that position could properly have been excluded from gross income when Mr. Carey and his wife filed their joint federal income tax returns. However, Mr. Carey was a partner in the firm of Haskins & Sells, and not an employee of the firm.

Therefore, the question to be decided in the present case is whether, in view of Mr. Carey's status as a partner, the "fixed annual distribution" which he received from Haskins & Sells while serving as the head of the firm's Tokyo branch office should be regarded as compensation for personal services or as part of Mr. Carey's share of the distributive income of Haskins & Sells. In this connection, the record before the court shows that the amount which Mr. Carey received from Haskins & Sells as his "fixed annual distribution" for each of the years involved in the suit was not

in excess of the reasonable value of Mr. Carey's services to the firm as the head of its Tokyo branch office.

The plaintiffs contend—and the defendant denies—that for the purpose of the question posed in the preceding paragraph, Mr. Carey's "fixed annual distribution" while serving as the head of the partnership's Tokyo branch office should be regarded as being in the same category as compensation paid to an employee of Haskins & Sells for the performance of similar services abroad. The plaintiffs rely upon Section 707(c) of the Code, which provides in part as follows:

> (c) *Guaranteed Payments.*—To the extent determined without regard to the income of the partnership, payments to a partner for services * * * shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61(a) (relating to gross income) and section 162(a) (relating to trade or business expenses). [68A Stat. 244.]

The parties agree that Mr. Carey's "fixed annual distribution" was a guaranteed payment, within the meaning of Section 707(c) of the Code. In this connection, however, the plaintiffs stress the portion of Section 707(c) which indicates that guaranteed payments to a partner for services "shall be considered as made to one who is not a member of the partnership," while the defendant emphasizes the statutory statement that this is "only for the purposes of section 61(a) (relating to gross income) * * *."

The statement in Section 707(c) of the Code to the effect that the rule there stated is "only for the purposes of section 61(a) * * *" does not necessarily, as a matter of syntax or logic, deny to a partner performing services abroad the benefit of Section 911(a) of the Code.

■ Section 61(a) of the Code provides in part that *"Except as otherwise provided in this subtitle,* gross income

means all income from whatever source derived * * * " (68A Stat. 17; emphasis supplied). Section 61(a) is part of Subtitle A of the Code, and Section 911(a) is part of the same subtitle. Accordingly, Section 911(a), authorizing a citizen of the United States residing abroad to exclude from gross income any amount representing earned income from sources outside the United States, can properly be regarded as incorporated by reference in Section 61(a) by means of the phrase, "Except as otherwise provided in this subtitle * * *." The result is that a guranteed payment to a partner for the performance of services outside the United States constitutes gross income of the partner, but it is excludable for income tax purposes if the partner's period of residence outside the United States meets the test prescribed in Section 911(a).

■ It appears, therefore, that Mr. Carey's "fixed annual distribution" while serving as the head of the Haskins & Sells branch office in Tokyo was a guaranteed payment within the meaning of Section 707(c) of the Code; that it should be regarded as compensation for personal services performed outside the United States, rather than as part of Mr. Carey's share of the partnership's distributive income; and, since Mr. Carey met the requirement as to residence abroad prescribed by Section 911(a) of the Code, that his "fixed annual distribution" was excludable from gross income and exempt from the income tax under Section 911(a). Andrew O. Miller, Jr., 52 T.C. 752, 762 (1969).

To hold otherwise would discriminate unfairly against Mr. Carey, as a partner, in comparison with employees of Haskins & Sells performing similar services abroad.

■ Furthermore, a different decision would tend to defeat the purpose of Congress in enacting the statutory provision which is now Section 911(a) of the Code. That purpose was to decrease the tax disadvantages of citizens of the United States working abroad; and it was hoped that this would increase for-eign trade by making living and working conditions abroad more attractive. 74 Yale L.J. 956, 957 (1965).

For the reasons previously stated, it is my opinion that Mr. Carey's "fixed annual distribution" from Haskins & Sells for the period during which he served as the head of the firm's Tokyo branch office was excludable from gross income and exempt from the income tax under Section 911(a) of the Code. Accordingly, the plaintiffs are entitled to recover in the present action. The amount of the recovery can be determined in accordance with Rule 131(c).